UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Willis Lamb, # 186788, ) | C/A No. 8:10-260-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Lieber Correctional Institution; ) | |
| Pharmacy, *People Them*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. Therefore, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed *without prejudice* if he fails to timely pay the three hundred fifty dollar ($350) filing fee.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). He has repeatedly filed civil actions, alleging that unspecified defendants have denied him various forms of treatment for a hand injury. In fact, this is the thirty-seventh (37th) civil action filed by the Plaintiff in this Court since August of 2008. In this case, he once again names only "Lieber Correctional Institution pharmacy people them" as his sole defendant, and claims that he was refused "Tylenol 3 and other medications" for pain associated with his injured hand.

This Court may take judicial notice[2] of the three (3) civil actions filed by the Plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, or because the named defendants were either immune from or not amenable to suit under 42 U.S.C. § 1983. *See Lamb v. Kirkland Correctional Institution Medical Agency*, No. 8:09-105-CMC-BHH (D.S.C. Feb. 25, 2009); *Lamb v. John Does, et al.*, No. 8:09-322-CMC-BHH (D.S.C. April 9, 2009); *Lamb v. Kirkland Correctional Medical Staff*, No. 8:09-1854-CMC-BHH (D.S.C. Aug. 13, 2009). In light of Plaintiff's prior "strikes," he cannot proceed *in*

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also, Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

*forma pauperis* with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). The Complaint in this case does not fit within this exception to proceed *in forma pauperis* because Plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, he continues to complain about alleged injuries and problems that arose in the past. Therefore, to proceed with this case, Plaintiff must pay the full $350 filing fee. If Plaintiff timely pays the full filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

### **Recommendation**

It is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the $350 filing fee, so that this matter can be returned to the undersigned Magistrate Judge to conduct a review of the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to timely pay the full filing fee, or seek an extension of time to do so, it is further recommended that, by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

February 9, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).